# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MANO<br>110A Baltimore Pike, Suite #1043<br>Springfield, PA 19064<br><br>Plaintiff,<br><br>v.<br><br>CATAPULT LEARNING, LLC<br>150 Rouse Blvd., Suite 210<br>Philadelphia, PA 19112<br><br>Defendant. | CIVIL ACTION<br><br>NO.: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Christopher Mano (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Catapult Learning, LLC (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA and the PFPO once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Catapult Learning, LLC is a corporation that provides academic intervention, high-dosage tutoring, and professional development services to public and private schools across the country (including those in Pennsylvania) and is located at the above-captioned address.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff was employed by Defendant for almost a year, beginning on or about April 24, 2024, as a Title I Teacher.

12. Shortly after his hire, Plaintiff was assigned to work at St. Barnabas School located at 6334 Buist Avenue, Philadelphia, PA.

13. Plaintiff was primarily supervised by Defendant's Instructional Supervisor, Lindsey Turkewitz (hereinafter "Turkewitz") and generally by Area Manager, Cindy Fingrudt (hereinafter "Fingrudt").

14. Throughout Plaintiff's employment with Defendant, Plaintiff was a very hard-working employee who performed his job well.

15. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to anxiety, a migraine disorder (and pineal cyst), and associated conditions/complications.

16. As a result of his aforesaid health conditions, Plaintiff suffers from pain, panic attacks, headaches with auras, and other resulting visual impediments, which (at times) interfere with some daily life activities such as seeing properly, concentrating, sleeping, and working (among other daily life activities).

17. Despite Plaintiff's aforesaid health conditions and limitations, Plaintiff was able to perform his job duties well; however, he (at times) required some reasonable medical accommodations (discussed further *infra*).

18. At all times relevant herein, Defendant was aware of Plaintiff's serious health conditions as he discussed the same with Turkewitz and Fingrudt in or about late August of 2024, including requesting the reasonable medical accommodations of (1) a quiet room for classroom prep and tutoring sessions; (2) brief breaks during his prep period to rest and handle his anxiety symptoms when needed; (3) weekly meetings/calls with his supervisor to balance expectations and keep his anxiety at bay; and (4) periodic intermittent days off (up to two days per month) to care for and/or treat his aforesaid health conditions.

19. Turkewitz advised Plaintiff to file a claim with Defendant's third-party provider, Unum, and Plaintiff complied on or about August 30, 2024.

20. Thereafter, on or about September 16, 2024, Plaintiff's requested accommodations were denied by Unum.

21. Fingrutd then requested a meeting to discuss Plaintiff's requested accommodations, which was scheduled for September 17, 2024.

22. During the aforesaid meeting Fingrudt, with Turkewitz, advised Plaintiff that they could not accommodate his need for potentially two days off per month, and dispassionately advised Plaintiff that if he was firm on two days per month, "we may have to part ways."

23. Plaintiff almost immediately felt incredibly discriminated against during the discussion of his anxiety condition with management, despite being informed that his performance was good, without any legitimate basis as to why.

24. Fingrudt's aforesaid outright discriminatory statement about Plaintiff and his health conditions demonstrates her transparent distaste and clear frustration with the same.

25. Nonetheless, because of Plaintiff's determinedness and doctor supported documentation, on or about September 19, 2024, Fingrudt and Turkewitz initially verbally agreed to the following reasonable medical accommodations: (1) a modified break schedule of a 10

minute break during the day and 10 minutes of his 45 minute prep in the morning and afternoon to rest and handle his anxiety symptoms; (2) individual, private classroom space to work; and (3) weekly check-ins with his supervisor to balance expectations and keep his anxiety at bay.

26. However, after Plaintiff then filed a new claim for the aforementioned agreed upon medical accommodations to Unum on September 19, 2024, Fingrudt argued that "the schedule was not supposed to be finalized by [him]," and she then provided Plaintiff with a 30 minute block of time each day for one break (instead of the aforementioned three 10 minutes breaks)– upon information and belief, for no other reason than to be contrary and/or to find some reason to admonish Plaintiff.

27. Thereafter, in or about December of 2024, Plaintiff began to suffer a flare-up of his aforementioned health conditions, which began to cause visual complications.

28. As a result of the aforementioned flare-up of his medical conditions, Plaintiff requested a brief medical leave of absence to care for and treat for his disabilities (including diagnostic testing such as an MRI).

29. Plaintiff also requested the ability to transfer from the room that he was working in, as it appeared to exacerbate his health conditions due to outdated structural material (what appeared to be a lead pipe) whenever he worked there.

30. Plaintiff's requested accommodation of working in a different classroom could have easily been accommodated by Defendant, as a St. Barnabas employee, KJ Graves (hereinafter "Graves") in a room adjacent to Plaintiff's, had offered to make the switch.

31. Plaintiff thereafter commenced a medical leave on or about January 30, 2025, while awaiting approval of his request for short-term disability ("STD") benefits.

32. Nonetheless, in or about February of 2025, Defendant outright denied Plaintiff's aforesaid classroom switch and informed him that his STD was denied (advising him that he was

5

thus on unapproved leave) without engaging in any interactive process as required under the ADA or providing any legitimate reason as to why.

33. Plaintiff then prepared to return to work to continue performing his job duties for fear of losing his job, despite that he continued to suffer from severe headaches, and the leave constituted a reasonable accommodation under the ADA.

34. But before he was permitted to return to work, Plaintiff was advised that he would first need to meet with Turkewitz and Fingrudt on or about March 7, 2025.

35. During the March 7, 2025 meeting, however, Plaintiff was abruptly informed that he was being terminated for alleged performance concerns (including his purported failure to meet with some groups of students), which had never been brought to Plaintiff's attention ***until after*** requesting the aforesaid reasonable medical accommodations and taking a brief medical leave of absence.

36. Plaintiff had been unable to meet with some students/groups leading up to and while out on medical leave because of the flareup of his aforesaid serious health conditions, of which management was aware.

37. Defendant failed to properly accommodate Plaintiff by failing to hold his job open during his brief medical leave and/or failing to return him to his same or similar position after his leave.

38. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations (discussed *supra*); and (4) Defendant's failure to properly accommodate Plaintiff's health conditions (set forth *supra*).

39. Plaintiff also believes and therefore avers that his disabilities were motivating and/or determinative factors in the termination of his employment by Defendant.

## COUNT I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

42. Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

43. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require some reasonable medical accommodations at times.

44. Plaintiff requested reasonable accommodations from Defendant including but not limited to (1) a quiet room for classroom prep and tutoring sessions; (2) brief breaks during his prep period to rest and handle his anxiety symptoms when needed; (3) weekly meetings/calls with his supervisor to balance expectations and keep his anxiety at bay; (4) the ability to switch rooms to avoid exacerbation of his health conditions; and (5) a brief medical leave of absence to care for and treat for his aforesaid serious health conditions.

45. Plaintiff was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory treatment because of his aforesaid health conditions and requested accommodations.

46. Plaintiff was terminated from his employment with Defendant immediately upon attempting to return from work following his medical leave of absence, for completely pretextual reasons.

47. Defendant failed to properly accommodate Plaintiff by failing to hold his job open during his brief medical leave and/or failing to return him to his same or similar position after his leave.

48. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment and retaliation because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations (discussed *supra*); and (4) Defendant's failure to properly accommodate Plaintiff's health conditions (set forth *supra*).

49. Plaintiff also believes and therefore avers that his disabilities were motivating and/or determinative factors in the termination of his employment with Defendant.

50. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.	Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.	Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (Attn. No. 91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: December 1, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christopher Mano | : | CIVIL ACTION |
| v. | : | |
| Catapult Learning, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| | | |
|---|---|---|
| 12/1/2025 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

*RELATED CASE IF ANY:*  Case Number: _____  Judge: _____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*: _____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MANO, CHRISTOPHER

**DEFENDANTS**
CATAPULT LEARNING, LLC

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA and PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/1/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE